UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SILVANA ZAZA, *pro se*,                              :
                                                     :
                      Plaintiff,              :    **SUMMARY ORDER**
                                                     :    **ADOPTING REPORT &**
                                                     :    **RECOMMENDATION**
AMERICAN AIRLINES,                                   :    14-cv-4046 (DLI)(ST)
                                                     :
                      Defendants.             :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

Silvana Zaza ("Plaintiff"), proceeding *pro se*,[1] initiated this action on June 27, 2014, alleging violations by American Airlines ("Defendant") of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a) ("ADEA"). (*See* Complaint, Dkt. Entry No. 1.) Plaintiff alleges that Defendant discriminated against her on the basis of her race, gender, and age, resulting in her termination from the company, and was retaliated against based on grievances she filed about the company's failure to recall her from furlough and failure to promote her. On September 22, 2015, Defendant moved for summary judgment on all claims (Def. Mot. for Summary Judgment ("Motion"), Dkt. Entry No. 28; *see* Dkt. Entry Nos. 29 (Pl. Opp.) & 30 (Def. Reply)), which this Court referred to United States Magistrate Judge Steven Tiscione for the preparation of a Report and Recommendation ("R&R").

On August 19, 2016, Magistrate Judge Tiscione issued a thorough and well-reasoned R&R, recommending that Defendant's Motion be granted in its entirety. (Dkt. Entry No. 31.) In

---

[1]     The Court is mindful that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

particular, the magistrate judge concluded the following: (i) Plaintiff timely filed a charge for exhaustion purposes as to her wrongful termination claim, but her claims relating to recall and failure to promote were untimely (*Id.* at 11-18); (ii) Plaintiff failed to establish a prima facie case of discrimination with respect to her wrongful termination claim as she was unable to demonstrate that her disciplinary history was comparable to those of the employees who were reinstated after their termination for infractions similar to those committed by Plaintiff (*Id.* at 20-23); (iii) Defendant had set forth a legitimate, nondiscriminatory reason for Plaintiff's termination and the later decision to deny Plaintiff's appeal of the termination decision (*Id.* at 23); (iv) Plaintiff failed to present sufficient admissible evidence that the reason offered for Plaintiff's termination was a pretext for discrimination (*Id.* at 23-25); and (v) Plaintiff's retaliation claims should be dismissed as Plaintiff made no allegation of discrimination in either of her grievances (*Id.* at 25-26). On September 19, 2016, Plaintiff timely filed objections to the R&R ("Objections," Dkt. Entry No. 35), and Defendant timely opposed (Dkt. Entry. No. 38). The Court granted Plaintiff leave to file a reply, which she did on October 19, 2016. ("Reply," Dkt. Entry No. 42.)

For the reasons set forth below, the R&R is adopted in its entirety.

## DISCUSSION[2]

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, if a party "simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*,

---

[2] The Court assumes familiarity with the facts as outlined in the R&R. *See* R&R at 2-9.

2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("A rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted). Similarly, the Court will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (citation and internal quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Here, Plaintiff's Objections and Reply, which together consist of over 60 pages (inclusive of exhibits), fails to articulate any specific objection to the R&R, but instead attempts to relitigate issues that were briefed before, and decided by, the magistrate judge. Plaintiff asserts that "there are many inaccuracies, discrepancies that need to be presented to trial" (Objections at 1), but, tellingly, never describes or points to any inaccuracies or discrepancies within the R&R itself (*see generally* Objections). Instead, Plaintiff focuses on purported contradictions in the statements made by Defendant's employees in documents sent to Plaintiff and during Plaintiff's disciplinary hearing (*see generally Id.*), all of which was before the magistrate judge.

As Plaintiff has not properly objected, this Court need only review the R&R for clear error. The Court has reviewed the entire record, including the R&R and Plaintiff's Objections, and, finding no clear error, adopts the R&R as the opinion of the Court.

## CONCLUSION

Upon due consideration and review, the objections are overruled. Accordingly, the R&R is adopted in its entirety and summary judgment is granted to Defendant. This action is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
       March 22, 2017

                                                    /s/
                                            DORA L. IRIZARRY
                                               Chief Judge